Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Ashley Tuck,** Individually and on Behalf of All Others Similarly Situated; <br><br> Plaintiffs, <br><br> v. <br><br> **Dreem Green, Inc. d/b/a Jars Cannabis**, an Arizona company; **Jars Employee Management, LLC**, an Arizona company; **Legacy & Co, Inc.**, an Arizona company; **Desert Medical Campus, Inc.**, an Arizona company; **Ronnie Kassab,** an Arizona resident; and **Tanya Kassab,** an Arizona resident; <br><br> Defendants. | Case No. <br><br><br> **COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201,** *ET SEQ.* <br><br><br> **(Jury Trial Requested)** |

Plaintiff Ashley Tuck, individually, and on behalf of all other persons similarly situated, alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff and the Collective Members[1] are current and former tipped employees who are/were employed by any of the Defendants.

---

[1] Collective Members are fully defined below, under the Collective Action Allegations header.

2. Plaintiff brings this action on behalf of herself and all other similarly situated current and former tipped employees who were not fully compensated all their tips.

3. Plaintiff and the Collective Members bring this action against Defendants for their unlawful distribution of Plaintiff and the Collective Members' tips in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"), specifically 29 U.S.C. § 203(m)(2)(B) (hereinafter "**FLSA Tip Violation**").

4. This action is brought to recover unpaid tipped wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conducts business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff resided in the State of Arizona.

9. Plaintiff is an employee of Defendants and began working on or around December 2020 and is still currently employed.

10. Plaintiff is a non-exempt employee.

11. Plaintiff is engaged in an occupation in which she customarily and regularly receives more than $30 a month in tips.

12. Plaintiff is a tipped employee.

13. Plaintiff is an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

14. Defendants Dreem Green, Inc., d/b/a Jars Cannabis, Jars Employee Management, LLC, Legacy & Co, Inc., and Desert Medical Campus, Inc. (hereinafter "**Entity Defendants**") are Arizona companies, authorized to do business in the State of Arizona.

15. Defendant Dreem Green, Inc., d/b/a Jars Cannabis is Plaintiff's employer as defined by 29 U.S.C. § 203(d).

16. Defendant Jars Employee Management, LLC is Plaintiff's employer as defined by 29 U.S.C. § 203(d).

17. Defendant Legacy & Co, Inc. is Plaintiff's employer as defined by 29 U.S.C. § 203(d).

18. Defendant Desert Medical Campus, Inc. is Plaintiff's employer as defined by 29 U.S.C. § 203(d).

19. Defendant Ronnie Kassab is an Arizona resident.

20. Defendant Ronnie Kassab has directly caused events to take place giving rise to this action.

21. Defendant Ronnie Kassab was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

22. Defendant Ronnie Kassab is a member of Dreem Green, Inc., d/b/a Jars Cannabis.

23. Defendant Ronnie Kassab is an employer of Dreem Green, Inc., d/b/a Jars Cannabis.

24. Defendant Ronnie Kassab is a member of Jars Employee Management, LLC.

25. Defendant Ronnie Kassab is an employer of Jars Employee Management, LLC.

26. Defendant Ronnie Kassab is a member of Legacy & Co, Inc.

27. Defendant Ronnie Kassab is an employer of Legacy & Co, Inc.

28. Defendant Ronnie Kassab is a member Desert Medical Campus, Inc.

29. Defendant Ronnie Kassab is an employer of Desert Medical Campus, Inc.

30. Defendant Ronnie Kassab supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

31. Defendant Ronnie Kassab determined the rate and method of Plaintiff's payment of wages.

32. Defendant Ronnie Kassab is aware of the tip pooling where managers and supervisors received tips.

33. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Ronnie Kassab is subject to individual and personal liability under the FLSA.

34. During Plaintiff's employment with Defendants, Defendant Ronnie Kassab and Defendant Tanya Kassab have been legally married.

35. Ronnie Kassab and Defendant Tanya Kassab have caused events to take place giving rise to this action as to which their marital community is fully liable.

36. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

37. Defendant Tanya Kassab is an Arizona resident.

38. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

39. Together, Defendants are an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000 in 2020.

40. Together, Defendants are an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000 in 2021.

41. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

42. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

43. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

44. Plaintiff regularly uses the telephone, email, and Microsoft Teams for communication at work.

45. Defendants Dreem Green, Inc., d/b/a Jars Cannabis, Jars Employee Management, LLC, an Arizona company, Legacy & Co, Inc., and Desert Medical Campus, Inc. are horizontal joint employers of Plaintiff.

46. At all relevant times: (1) Plaintiff's Horizontal Joint Employers were not completely disassociated with respect to the employment of Plaintiff; and (2) Plaintiff's Horizontal Joint Employers were under common control.

47. Defendant Ronnie Kassab controls, manages, and / or owns Defendants Dreem Green, Inc., d/b/a Jars Cannabis, Jars Employee Management, LLC, Legacy & Co, Inc., and Desert Medical Campus, Inc.

48. At all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b).

49. In addition, at all relevant times, Defendant businesses were vertical joint employers of Plaintiff, as defined by *Torres-Lopez v. May*, 111 F.3d 633, 640 (9th Cir. 1997).

50. The Entity Defendants have common ownership.

51. The Arizona Corporation Commission lists Defendant Ronnie Kassab as a member of the Entity Defendants.

52. The Entity Defendants have common employees.

53. Plaintiff works/worked at multiple locations for Defendants.

54. Supervisor Ashley Copeland works at multiple locations for Defendants.

55. Employee Jacob Gramick works at multiple locations for Defendants.

56. Employee Riley Sounder works at multiple locations for Defendants.

57. Employee Jacob Gramick works at multiple locations for Defendants.

58. Defendant Ronnie Kassab is a manager of the Defendant businesses.

59. Defendant businesses have common employment policies.

60. Defendant Ronnie Kassab is aware of a scheme at all the Defendant businesses that managers/owners/supervisors would receive tips.

61. Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF TUCK

62. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

63. On or around December 2020, Plaintiff began employment with Defendants.

64. Plaintiff's primary job duties include checking in customers, helping customers select marijuana products, cleaning, and inventory.

65. From December 2020 to on or around May 2021, Plaintiff was paid a rate of $14.00 per hour plus tips.

66. From on or around May 2021, Plaintiff was paid a rate of $16.00 per hour plus tips.

67. There is a tip jar located at every cash register at all of Defendants' locations.

68. No matter how much money Plaintiff earned in tips, she was only given a portion of them.

69. Plaintiff was not provided her proper tips that she had earned.

70. Plaintiff's managers/owners/supervisors would partake in pooling the tips earned from the customers.

71. On or around May 23, 2021, Plaintiff viewed the tip book at the New River location.

72. The tip book contains all the amounts earned in tips.

73. Plaintiff did not receive amounts that match up with the tip book.

74. Supervisor Samantha Keen illegally receives tips.

75. Samantha Keen illegally receives tips that should be distributed to Plaintiff and the Collective Members.

76. Supervisor Jose Mendoza illegally receives tips.

77. Supervisor Jose Mendoza illegally receives tips that should be distributed to Plaintiff and the Collective Members.

78. Supervisor James Kestner illegally receives tips.

79. Supervisor James Kestner illegally receives tips that should be distributed to Plaintiff and the Collective Members.

80. General Manager Gregory Nyander illegally receives tips.

81. General Manager Gregory Nyander illegally receives that should be distributed to Plaintiff and the Collective Members.

82. General Manager Katie Halon illegally receives tips.

83. General Manager Katie Halon illegally receives tips that should be distributed to Plaintiff and the Collective Members.

84. General Manager Kevin Flores illegally receives tips.

85. General Manager Kevin Flores illegally receives tips that should be distributed to Plaintiff and the Collective Members.

86. Supervisor Elizabeth Inostroza illegally receives tips.

87. Supervisor Elizabeth Inostroza illegally receives tips that should be distributed to Plaintiff and the Collective Members.

88. Supervisor Maria Gonzalez illegally receives tips.

89. Supervisor Maria Gonzalez illegally receives tips that should be distributed to Plaintiff and the Collective Members.

90. Supervisor Carolina Price illegally receives tips.

91. Supervisor Carolina Price illegally receives tips that should be distributed to Plaintiff and the Collective Members.

92. Supervisor Monica Stephens illegally receives tips.

93. Supervisor Monica Stephens illegally receives tips that should be distributed to Plaintiff and the Collective Members.

94. General Manager Donovan Scott illegally receives tips.

95. General Manager Donovan Scott illegally receives tips that should be distributed to Plaintiff and the Collective Members.

96. General Manager Cody Lewis illegally receives tips.

97. General Manager Cody Lewis Scott illegally receives tips that should be distributed to Plaintiff and the Collective Members.

98. Supervisor Jeremiah Sasko illegally receives tips.

99. Supervisor Jeremiah Sasko illegally receives tips that should be distributed to Plaintiff and the Collective Members.

100. Supervisor Samantha Neginnis illegally receives tips.

101. Supervisor Samantha Neginnis illegally receives tips that should be distributed to Plaintiff and the Collective Members.

102. Supervisor Ashley Copeland illegally receives tips.

103. Supervisor Ashley Copeland illegally receives tips that should be distributed to Plaintiff and the Collective Members.

## COLLECTIVE ACTION ALLEGATIONS

104. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

105. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to the Consolidated Appropriations Act, 2018 ("CAA"), which revised § 203(m). The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

106. The proposed collective class for the FLSA claim is defined as follows:

**All current or former tipped employees; who are neither managers, supervisors, nor owners; who work(ed) for any Defendants, and / or any of Ronnie Kassab's owned and / or managed businesses within the last three years (known as the "Collective Members").**

107. Plaintiff has given her written consent to be a Named Party Plaintiff in this action pursuant to U.S.C. § 216(b). Plaintiff's signed consent form is attached as **"Exhibit 1"**. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

108. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendants' decision, policy, plan, and common programs,

practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay employees all their owed tips.

109. These policies included managers/owners/supervisors receiving portions of Plaintiff and the Collective Members' tips.

110. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff's are identical or substantially similar.

111. Plaintiff and the Collective Members are hourly tipped employees who are entitled to receive tips.

112. Plaintiff and the Collective Members regularly had Defendants' managers, supervisors, and / or owners keep portions of Plaintiff the Collective Members' tips.

113. Defendants are aware that Plaintiff and the Collective Members, upon information and belief, those similarly situated work(ed) under these conditions, and yet Defendants still denied them their owed tips.

114. The Collective Members perform or have performed the same or similar work as Plaintiff.

115. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of all tip payment.

116. Defendants' failure to pay tip compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

117. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the Collective Members.

118. All class members, irrespective of their particular job requirements and job titles, are entitled to compensation for their owed tips.

119. Notice of this action should be sent to all similarly situated employees.

120. There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly stated employees are known to Defendants and are readily identifiable through Defendants' records.

### COUNT ONE:
### (FLSA TIP VIOLATION – 29 U.S.C. § 203(m)(2)(B))

121. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

122. Plaintiff and the Collective Members were non-exempt employees entitled to tips.

123. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised § 203(m).

124. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

125. At all relevant times, Plaintiff and the Collective Members were employed by Defendants within the meaning of the FLSA.

126. Plaintiff and the Collective Members are employees entitled to all of their tips.

127. Defendants' managers, supervisors, and / or owners kept portions of Plaintiff and the Collective Members tips.

128. In addition to the amount of unpaid tipped wages owed to Plaintiff and the Collective Members, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

129. Defendants' actions in failing to properly compensate Plaintiff and the Collective Members, in violation of the FLSA, were willful.

130. Defendants have not made a good faith effort to comply with the FLSA.

131. Plaintiff and the Collective Members are also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

132. Plaintiff is entitled to a class representative payment for bringing this lawsuit on behalf of herself and the Collective Members.

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting

them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that the Defendants committed the following act:

willfully violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. For the Court to provide reasonable incentive awards for the named Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and for the risks she took in doing so; and

G. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff and the Collective Members hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED October 19, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorney for Plaintiffs